# EXHIBIT "A"

# EXHIBIT "A"

Electronically Filed
9/23/2021 11:11 AM
Steven D. Grierson
CLERK OF THE COURT

1  **COMP**
ALLEN A. CAP, ESQ.
2  Nevada Bar No. 188
CAP & KUDLER
3  3202 W. Charleston Boulevard
Las Vegas, Nevada 89102
4  (702) 878-8778
*Attorney for Plaintiff*

CASE NO: A-21-841568-C
Department 31

5

6                              DISTRICT COURT
                          CLARK COUNTY, NEVADA

7  OSCAR POLIDORO,                          )    CASE NO.:
                                            )    DEPT. NO:
8              Plaintiff,                    )
                                            )
9      vs.                                   )
                                            )
10 SMITH'S FOOD & DRUG CENTERS,             )
   INC., a foreign corporation; and DOES I-V )
11 and ROE CORPORATIONS I-V,                )
                                            )
12             Defendants.                   )    **COMPLAINT**
   _____ )

13                    **JURISDICTIONAL STATEMENT**

14      This court has jurisdiction over this matter because: (1) Defendant is a Foreign Corporation

15 registered to do business in Clark County Nevada; (2) The slip and fall accident between the parties

16 occurred in Clark County Nevada; and (3) Plaintiff's Demand for relief is in excess of $15,000.00.

17      COMES NOW Plaintiff, OSCAR POLIDORO, by and through his attorney of record,

18 ALLEN A. CAP, ESQ., of the Law Office of CAP & KUDLER, and for his causes of action against

19 the Defendants, and each of them, alleges as follows:

20                                   I.

21      At all times herein mentioned, Plaintiff, OSCAR POLIDORO, was a resident of Las Vegas,

22 Clark County, State of Nevada.

23                                   II.

24      At all times mentioned herein, Defendant, SMITH'S FOOD & DRUG CENTERS, INC., a

25 foreign corporation, and authorized to do business in the State of Nevada.

26 /      /      /

27                                   III.

28                                  -1-

1    The true names and capacities of the Defendants designated herein as DOE or ROE

2    CORPORATIONS are presently unknown to Plaintiff at this time who, therefore, sues said

3    Defendants by such fictitious names and when their true names and capacities are ascertained,

4    Plaintiff will amend her Complaint accordingly to insert same herein. Doe or Roe Corporations are

5    alleged to be the parent, subsidiary or affiliated companies of Defendant, SMITH'S FOOD & DRUG

6    CENTERS, INC., or any independent supplier of Defendant, SMITH'S FOOD & DRUG CENTERS,

7    INC., who supplied cordwood to Defendant, SMITH'S FOOD & DRUG CENTERS, INC., that

8    contributed to Plaintiff's accident that is described herein.

9                                          IV.

10   At all times mentioned herein, Defendants, and each of them, were in the possession and

11   control of certain real property and premises located at 6130 W. Tropicana Ave., in Las Vegas, Clark

12   County, Nevada, said premises commonly known as Smith's Food & Drug #351.

13                                          V.

14   That on or about the 8th of December, 2020, the Plaintiff was upon said real property and

15   premises, as herein above referred to Smith's Food & Drug #351, at the invitation of and for business

16   benefit to the Defendants, and each of them.

17                                          VI.

18   At said time and place, the Defendants, and each of them, negligently maintained and

19   controlled said real property and premises and, further, negligently permitted a dangerous condition,

20   not obvious or apparent to the Plaintiff, to exist thereon and further, did:

21   a.    Negligently cause a dangerous condition to exist to wit: the firewood display

22         adjacent, to the right of the right-front entrance of the store, to be in a dangerous

23         condition without providing adequate ingress and egress, leaving the only path for

24         retrieving firewood from the display over a cracked palate used to transport the

25         firewood;

26   b.    Negligently allow said dangerous condition to exist consisting of a broken palate in

27         the area of the firewood display;

28

-2-

| | | |
|---|---|---|
| 1 | c. | Failure to remove the palate with cracked boards from the firewood display; |
| 2 | d. | Negligently failed to warn Plaintiff of said dangerous condition by placing signs |
| 3 | | notifying of the presence of said hazardous condition involving a cracked palate in |
| 4 | | the firewood display; |
| 5 | e. | Failure to inspect the display palate of firewood to determine it's structural integrity; |
| 6 | f. | Negligently allowed a broken palate to exist in the path traveled by the Plaintiff and |
| 7 | | other business invites to retrieve bundles of firewood; |
| 8 | g. | Negligently failed to inspect the firewood display palate for damage and broken |
| 9 | | boards that constituted a hazard to patrons; |
| 10 | h. | Failure to properly display firewood in a safe condition for selection and retrieval by |
| 11 | | patrons; |
| 12 | i. | Failure to properly instruct and train Defendant's employee who was assisting |
| 13 | | Plaintiff to retrieve and transport firewood to his vehicle on proper safety procedures; |
| 14 | j. | Negligently parking row of shopping carts next to the firewood display restricting |
| 15 | | patron ingress and egress to the display area; |
| 16 | k. | Failure to adequately display bundles of firewood so that patrons would have easy |
| 17 | | access for the selection and retrieval; |
| 18 | l. | Failure to remove the cracked and dangerous palate which created a hazard to patrons |
| 19 | | from the firewood display area of the store; |
| 20 | m. | Failure of Defendant's employee to warn Plaintiff of the cracked condition of the |
| 21 | | palate located in the firewood display; |
| 22 | n. | Failure to provide appropriate assistance to Plaintiff in selecting and transporting |
| 23 | | bundles of firewood to his vehicle. |

VII.

Prior to Plaintiff's accident, the dangerous condition of said premises was known by, or should have been known by, the Defendants, and each of them, in the exercise of reasonable care.

/       /       /

VIII.

As a proximate result of the aforesaid negligence of the Defendants, and each of them, Plaintiff, OSCAR POLIDORO, was injured while carrying firewood to his shopping cart and the display palate collapsed sending him to the floor, and thereby sustaining the injuries and damages as hereinafter set forth.

IX.

That by reason of the premises and as a direct and  proximate result thereof, Plaintiff, OSCAR POLIDORO, sustained injuries to his neck, back, right wrist, nose and right shoulder requiring surgical repair, all or some of which conditions may be permanent and disabling in nature, all to his general damage in a sum in excess of $15,000.00.

X.

That by reason of the premises and as a direct and proximate result of the aforementioned negligence of the Defendant, and each of them, Plaintiff, OSCAR POLIDORO, was required to and did receive medical and other treatment for his injuries received in an expense all to his damage in a sum in excess of $15,000.00. That said services, care and treatment are continuing and shall continue in the future, all to his damage in a presently unascertainable amount, and Plaintiff will amend his Complaint accordingly when same shall be ascertained.

XI.

That prior to the injuries complained of herein, Plaintiff, OSCAR POLIDORO, was an able-bodied person readily and gainfully employed and physically capable of engaging in all other activities for which he was otherwise suited.

XII.

That Plaintiff, OSCAR POLIDORO, has retained the assistance of an attorney to represent him on his claims against Defendants, and each of them, and are therefore entitled to reasonable attorney's fees and costs.

/      /      /

-4-

WHEREFORE, Plaintiff, expressly reserving his right to amend his Complaint prior to or at the time of trial of this action to insert those items of damages not yet fully ascertainable, prays judgment as follows:

1.      For past and future general damages sustained by Plaintiff, OSCAR POLIDORO, in an amount in excess of $15,000.00;

2.      For costs of past and future medical care and treatment and other expenses incurred thereto when same are fully ascertained;

3.      For costs of suit incurred herein; and

4.      For such other and further relief as the Court may deem just and proper in the premises.

DATED this 23 day of September, 2021.

CAP & KUDLER

ALLEN A. CAP, ESQ.
Nevada Bar No. 188
3202 W. Charleston Boulevard
Las Vegas, Nevada 89102
*Attorney for Plaintiff*

Electronically Filed
11/4/2021 4:13 PM
Steven D. Grierson
CLERK OF THE COURT

PSER
CAP & KUDLER, P.C.
3202 W CHARLESTON BLVD
LAS VEGAS, NV 89102
(702) 878-8778



### DISTRICT COURT
### CLARK COUNTY, NEVADA

OSCAR POLIDORO
    Plaintiff

vs

SMITH'S FOOD & DRUG CENTERS, INC.
    Defendant

*Case Number:* A-21-841568-C

*Dept:*

**PROOF OF SERVICE**

DUSTIN GROSS, deposes and says: that at all times herein I am a citizen of the United States, over 18 years of age and not a party to nor interested in the proceeding in which this statement is made.

Affiant received a copy of the:
**SUMMONS; COMPLAINT**

I served the same on **10/15/2021 at 2:09 PM** to:

**Defendant SMITH'S FOOD & DRUG CENTERS, INC., A FOREIGN CORPORATION, BY SERVING CORPORATION SERVICE COMPANY, REGISTERED AGENT**

by leaving the copies with or in the presence of **KRIS OSBORN, CORPORATE SPECIALIST**, at 112 N CURRY ST, CARSON CITY, NV 89703, pursuant to **NRS 14.020**.

Pursuant to NRS 53.045, I declare under penalty of perjury under the law of the State of Nevada that the forgoing is true and correct.

Executed: Tuesday, October 19, 2021

DUSTIN GROSS, R-2020-09090
Battle Born Process Service, NV PILB LIC #1876
3710 Grant Drive, Ste. L
Reno, NV 89509
775-507-7188

P-1952948.01 Client File # POLIDORO, OSCAR

Electronically Filed
11/4/2021 2:08 PM
Steven D. Grierson
CLERK OF THE COURT

**ANSC**
JERRY S. BUSBY
Nevada Bar #001107
COOPER LEVENSON, P.A.
3016 West Charleston Boulevard - #195
Las Vegas, NV  89102
(702) 366-1125
FAX:  (702) 366-1857
jbusby@cooperlevenson.com
Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.

DISTRICT COURT
CLARK COUNTY, NEVADA

| | |
|---|---|
| OSCAR POLIDORO,<br><br>    Plaintiff,<br><br>vs.<br><br>SMITH'S FOOD & DRUG CENTERS, INC.,<br>a foreign corporation; and DOES I-V and ROE<br>CORPORATIONS I-V,<br><br>    Defendants. | CASE NO.:  A-21-841568-C<br>DEPT. NO.:  XXXI<br><br><br>**DEFENDANT SMITH'S FOOD & DRUG CENTERS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |

COMES NOW, Defendant, SMITH'S FOOD & DRUG CENTERS, INC., by and through its attorney of record, JERRY S. BUSBY, ESQ., of the law firm COOPER LEVENSON, P.A., and hereby answers Plaintiff's Complaint on file herein as follows:

**I.**

This answering Defendant states that it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs I, III, V, IX and XI of Plaintiff's Complaint and upon said ground, denies each and every allegation contained therein.

**II.**

This answering Defendant admits the allegations contained in Paragraph II of Plaintiff's Complaint.

**III.**

In response to Paragraph IV of Plaintiff's Complaint, this answering Defendant admits that it was in possession and control of the SMITH'S store located at 6130 West Tropicana Avenue in Las

CLAC 6637158.1

Vegas, Clark County, Nevada.  This answering Defendant denies any remaining allegations contained in said Paragraph.

**IV.**

This answering Defendant denies each and every allegation contained in Paragraphs VI, VII, VIII, X and XII of Plaintiff's Complaint.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff did not use reasonable diligence to care for his injuries, thereby aggravating said injuries as a result.  Therefore, Plaintiff's claims against this answering Defendant should be denied, or any recovery reduced in proportion to said negligence of Plaintiff.

**SECOND AFFIRMATIVE DEFENSE**

At the time and place alleged in Plaintiff's Complaint, and for a period of time prior thereto, Plaintiff did not exercise ordinary care, caution, or prudence for the protection of his own safety, and injuries and damages complained of by Plaintiff in the Complaint, if any, were directly and proximately caused or contributed to by the fault, failure to act, carelessness, and negligence of Plaintiff, and therefore Plaintiff's claims against this answering Defendant should be denied, or any recovery reduced in proportion to said negligence of Plaintiff.

WHEREFORE, this answering Defendant prays that Plaintiff take nothing by virtue of his Complaint on file herein; for costs and disbursements incurred in this action; and for such other and further relief as to the Court may deem proper.

Dated this 4th day of November, 2021.

COOPER LEVENSON, P.A.


By  /s/ Jerry S. Busby
    Jerry S. Busby
    Nevada Bar No. 001107
    3016 West Charleston Boulevard - #195
    Las Vegas, NV  89102
    Attorneys for Defendant
    SMITH'S FOOD & DRUG CENTERS, INC.

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of COOPER LEVENSON, P.A. and that on this 4th day of November, 2021, I did cause a true copy of the foregoing **DEFENDANT SMITH'S FOOD & DRUG CENTERS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** to be served upon each of the parties listed below via electronic service through the Eighth Judicial District Court's Odyssey E-File and Serve System:

Allen A. Cap, Esq.
CAP & KUDLER
3202 West Charleston Boulevard
Las Vegas, NV 89102
Attorneys for Plaintiff

By   /s/ Theresa H. Rutkowski
     An Employee of
     COOPER LEVENSON, P.A.

3

CLAC 6637158.1

Electronically Filed
11/9/2021 1:18 PM
Steven D. Grierson
CLERK OF THE COURT

1  **ABREA**
   ALLEN A. CAP, ESQ.
2  Nevada Bar No. 188
   CAP & KUDLER
3  3202 W. Charleston Boulevard
   Las Vegas, Nevada 89102
4  (702) 878-8778
   *Attorney for Plaintiff*
5
                          DISTRICT COURT
6                      CLARK COUNTY, NEVADA

7  OSCAR POLIDORO,                    )   CASE NO.: A-21-841568-C
                                      )   DEPT. NO: XXXI
8              Plaintiff,             )
                                      )
9  vs.                                )
                                      )
10 SMITH'S FOOD & DRUG CENTERS,       )
   INC., a foreign corporation; and DOES I-V )
11 and ROE CORPORATIONS I-V,          )
                                      )
12             Defendants.            )
                                      )
13 _____)

            **PETITION FOR EXEMPTION FROM ARBITRATION**
14
15         Plaintiff, OSCAR POLIDORO, hereby requests the above entitled matter be exempted from

16 arbitration pursuant to Nevada Arbitration Rules 3 and 5, as this case:

17     1.      _____ presents a significant issue of public policy;

       2.      _X_ involves an amount in issue in excess of $50,000,
18
                    exclusive of interest and costs;
19
       3.      _____ presents unusual circumstances which constitute
20
                    good cause for removal from the program.
21
           A summary of the facts which supports my contention for exemption is as follows:
22
           That on or about the 8th day of December, 2020, in Las Vegas, Clark County, Nevada,
23
   Plaintiff, OSCAR POLIDORO, was grocery shopping at Smith's Food & Drug #351 when he was
24
   injured while carrying firewood to his shopping cart and a board on the display palate collapsed
25
   sending him to the floor.
26

27

28
                                       -1-

OSCAR POLIDORO'S medical specials are itemized as follows:

| MEDICAL PROVIDER | TOTAL CHARGES |
|---|---|
| Dr. William Leavitt (DOS: 12/10/2020 to 05/04/2021) | $8,482.00 |
| SimonMed (DOS: 01/08/2021) | $1,786.50 |
| Intermountain Health Care (DOS: 01/21/2021) | $277.00 |
| Knee and Shoulder Institute (DOS: 03/01/2021 to 06/18/2021) | $16,861.00 |
| Surgical Arts Center (DOS: 03/11/2021) | $24,882.00 |
| Walgreens Pharmacy (DOS: 03/11/2021 to 05/11/2021) | $75.57 |
| **TOTAL MEDICAL SPECIALS** | **$52,364.07** |

Mr. Polidoro's damages and medical specials exceed the $50,000.00 cap for the mandatory arbitration program. Mr. Polidoro had shoulder surgery on 3/11/2021 at the Surgical Arts Center.

Therefore, counsel requests this matter be exempted from the program.

I hereby certify pursuant to N.R.C.P. 11 this case to be within the exemption(s) marked above and am aware of the sanctions which may be imposed against any attorney or party who without good cause or justification attempts to remove a case from the arbitration program.

DATED this 9th day of November, 2021.

CAP & KUDLER

ALLEN A. CAP, ESQ.
Nevada Bar No. 188
3202 W. Charleston Boulevard
Las Vegas, Nevada 89102
*Attorney for Plaintiff*

-2-

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of CAP & KUDLER and on the ___ day of November, 2021, I served a true and correct copy of the foregoing **PETITION FOR EXEMPTION FROM ARBITRATION** pursuant to NRCP 5(b), by electronic service, to the following:

Jerry S. Busby, Esq.
COOPER LEVENSON, P.A.
3016 West Charleston Boulevard - #195
Las Vegas, NV 89102
(702) 366-1125
*Attorneys for Defendant*
*Smith's Food & Drug Centers, Inc.*

An Employee of **CAP & KUDLER**

-3-

Electronically Filed
11/23/2021 3:44 PM
Steven D. Grierson
CLERK OF THE COURT

**CDRG**

## DISTRICT COURT

## CLARK COUNTY, NEVADA

Oscar Polidoro, Plaintiff(s)

vs.

Smith's Food & Drug Centers, Inc.,

Defendant(s)

CASE NO: A-21-841568-C
DEPT. NO: XXXI

## COMMISSIONER'S  DECISION ON REQUEST FOR EXEMPTION

REQUEST FOR EXEMPTION FILED ON: <u>November 09, 2021</u>

EXEMPTION FILED BY: <u>Plaintiff</u>          OPPOSITION: <u>No</u>

## DECISION

    Having reviewed the Request for Exemption, and all related pleadings, the Request for Exemption is hereby GRANTED.

    DATED this <u>23rd</u> of <u>November</u>, 2021.

_____
ADR COMMISSIONER

1

1

### NOTICE

2 Pursuant to Nevada Arbitration Rule 5(D), you are hereby notified you have five (5) days
from the date you are served with this document within which to file written objections
3 with the Clerk of Court and serve all parties.  The Commissioner's Decision is deemed
served three (3) days after the Commissioner's designee deposits a copy of the Decision in
4 the U.S. Mail. **Pursuant to NEFCR Rule 9(f)(2) an additional 3 days is not added to the
time if served electronically (via e-service).**
5

6 **A copy of the foregoing Commissioner's Decision on Request for Exemption was
electronically served, pursuant to N.E.F.C.R. Rule 9, to all registered parties in the
7 Eighth Judicial District Court Electronic Filing Program on the date of e-filing.**

8 *If indicated below*, a copy of the foregoing Commissioner's Decision on Request for
Exemption was also:
9

10

11 ☐ Mailed by United States Postal Service, Postage prepaid, to the proper parties listed
below at their last known address(es) on _____, 2021.

12

13

14

15

16 /s/   Loretta Walker
ADR COMMISSIONER'S DESIGNEE

17

18

19

20

21

22

23

24

25

26

27

2

**ADR
COMMISSIONER
EIGHTH JUDICIAL
DISTRICT COURT**